**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRIAN COLE,

Appellant,

v.

DEPARTMENT OF DEFENSE,

Agency.

DOCKET NUMBER
SF-0752-13-1125-I-1[1]

DATE: September 25, 2015

# THIS ORDER IS NONPRECEDENTIAL[2]

Brian Cole, Arroyo Grande, California, pro se.

Christine J. Kim, Esquire, Stockton, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation.  *Defense Logistics Agency/8 v. Department of Defense*, MSPB Docket No. SF-0752-14-0386-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the Western Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant filed an appeal with the Board challenging the agency's action furloughing him from his GS-12 General Engineer position for a total of 48 hours.   MSPB   Docket   No.   SF-0752-13-1125-I-1,   Initial   Appeal   File (IAF 1125), Tab 1, Tab 6 at 4-13.  He requested a hearing.  IAF 1125, Tab 1 at 2.

¶3     Subsequently, a union representative filed a pleading requesting to withdraw the appellant's appeal.  MSPB Docket No. SF-0752-14-0386-I-1, Initial Appeal File (IAF 0386), Tab 10 at 2.  She asserted that she had spoken with the appellant, as well as other members of the consolidated appeal, and that the appellant stated that he was no longer interested in pursuing his appeal. *Id.*  The administrative judge also had a telephone conversation with the union representative wherein the union representative "reconfirmed the intent of the appellant to withdraw his appeal."   IAF 1125, Tab 9, Initial Decision (ID) at 2 n.*.

¶4     The administrative judge issued a prehearing conference summary indicating her intent to dismiss the appellant's appeal as withdrawn based upon the union representative's request.  IAF 0386, Tab 11.  The administrative judge then issued an initial decision dismissing the appeal as withdrawn and cancelled the scheduled hearing.  ID.

¶5     The union representative thereafter filed a pleading indicating that she spoke with the appellant, who stated that:  (1) they had never spoken regarding withdrawing his appeal; (2) he had filed his appeal on his own; (3) he did not have union representation; and (4) he wanted to go forward with the hearing. IAF 1125, Tab 10 at 2.  Because the initial decision had already been issued, the administrative judge returned the submission, stating that the appellant could file

a petition for review if he was dissatisfied with the initial decision.  IAF 1125, Tab 11.

¶6        The appellant has filed a petition for review.  MSPB Docket No. SF-0752-13-1125-I-1, Petition for Review (PFR) File, Tab 1.  He states that he does not wish to withdraw his appeal and that he never had a conversation with the union representative asking her to do so on his behalf.  *Id.*  The agency filed a response in opposition, to which the appellant replied.  PFR File, Tabs 4-5.

¶7        In consolidated appeals, an administrative judge "may accept submissions only from a designated representative or a pro se appellant."  MSPB Judges' Handbook, Chapter (Ch.) 3, ¶ 3(e)(4).  The Board's regulations require a party wishing to designate a representative to do so "in a signed submission, submitted as a pleading."  5 C.F.R. § 1201.31(a); *see* MSPB Judges' Handbook, Ch. 2, ¶ 6 ("parties must designate their representatives in writing").

¶8        There is no evidence that the appellant designated the union representative to represent him in this appeal.  To the contrary, he filed his appeal on his own behalf, indicating that he did not wish to designate a representative.  IAF 1125, Tab 1 at 1.  Other than the withdrawal request, the only other pleading filed for the appellant before the initial decision was issued was filed by the appellant himself, updating his business and personal contact information.  IAF 1125, Tab 7.  The withdrawal request was not sufficient to designate the union representative as the appellant's representative.  *See Brothers v. Department of Agriculture*, 20 M.S.P.R. 377, 380 (1984) (rejecting the appellant's assertion that a motion for continuance filed by his new representative served as the equivalent of the required written notification of a change in representation "since there is no assurance that the purported representative is authorized to act on appellant's behalf without such written notice").  We find that it was therefore improper for the administrative judge to dismiss the appellant's appeal as withdrawn based on the request of an individual whom the appellant did not designate to represent him.  *See Visconti v. Environmental Protection Agency*, 78 M.S.P.R. 17, 20-21

(1998) (determining that, where the appellant did not designate a representative in writing, and had indicated that he would represent himself, the administrative judge erred in dismissing the appeal without prejudice based on the request of an individual who claimed to be the appellant's representative); *see also Hightower v. Department of Commerce*, 28 M.S.P.R. 281, 282 (1985). Thus, we must vacate the initial decision and remand this appeal.[3]

## **ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.

---

[3] As the agency points out in its response, it appears that the appellant failed to comply with the administrative judge's orders to file a prehearing submission and participate in the prehearing conference. *See* IAF 0386, Tab 11. We express no opinion at this time as to whether dismissal on other grounds may be appropriate.